**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3180

———————

MATTHEW JONES,

Appellant

v.

DELAWARE HEALTH (DHSS)

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:17-cv-01028)
District Judge: Honorable John E. Jones III

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2018

Before: SHWARTZ, KRAUSE, and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 17, 2018)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se litigant Matthew Jones, a frequent filer in the federal courts,[1] appeals from the District Court's September 11, 2017 order dismissing this civil action with prejudice. For the reasons that follow, we will affirm that decision.

I.

In June 2017, Jones commenced this pro se action in the District Court by filing a three-page document titled "Motion For A Change of Venue To This Court" (hereinafter "Venue Motion"). That rambling and disjointed filing consisted of various undeveloped allegations. Among the many allegations were claims that Jones is a slave, that he was taken illegally from his biological parents as an infant (he avers that he is now 31 years old), that he is being "held to [his] fictitious name by deadly force," that "[t]he State raped [him] through [his] youth," that "[a] plan was devised to label [him] schizophrenic," that the police raped and murdered his girlfriend when he was a teenager, and that the police stalk him every day and have searched his car "close to 100 times." Jones further claimed that, during a traffic stop, a police officer "confessed to the rapes and murders of over 100 elementary school children." Jones's Venue Motion was accompanied by a motion to proceed in forma pauperis ("IFP") and a form "Civil Cover Sheet" used for commencing civil actions. The Civil Cover Sheet listed Delaware Health and Social Services ("DHSS") — an agency of the State of Delaware — as the lone

_____

[1] In this Court alone, Jones has litigated more than a dozen cases since 2016.

2

defendant,[2] identified the causes of action as "Poisoned[]- Held Illegally[]- Attempted Murder[]- Identity Theft," and sought $2 billion in damages.

The United States Magistrate Judge who was assigned to the case liberally construed Jones's Venue Motion as a civil complaint and screened that pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon completing that screening, the Magistrate Judge issued a report recommending that the District Court dismiss Jones's case with prejudice. The Magistrate Judge explained that DHSS was entitled to sovereign immunity under the Eleventh Amendment, and that Jones had failed to state a claim on which relief may be granted against DHSS. The Magistrate Judge further explained that granting Jones leave to amend his pleading would be futile. On September 11, 2017, the District Court granted Jones's IFP motion, overruled his objections to the Magistrate Judge's report, adopted the Magistrate Judge's recommendation, and closed the case. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Jones's case. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (reciting standard of review for dismissal of an action on sovereign immunity grounds); see also Allah v. Seiverling,

---

[2] The Venue Motion did not list *any* defendant in its case caption.

3

229 F.3d 220, 223 (3d Cir. 2000) (reciting standard of review for dismissal of an action for failure to state a claim on which relief may be granted).

For the reasons set forth in the Magistrate Judge's report, which the District Court adopted, we agree with the District Court's conclusion that Jones's action against DHSS is barred by the Eleventh Amendment.[3] We further agree that, in light of that jurisdictional bar, see Blanciak, 77 F.3d at 693 n.2 (noting that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction"), any attempt to amend Jones's claims against DHSS would be futile.[4] Accordingly, we will affirm the District Court's September 11, 2017 order dismissing Jones's action against DHSS with prejudice.

---

[3] In light of this holding, we need not reach the question whether Jones's allegations against DHSS failed to state a claim on which relief may be granted.

[4] To the extent that Jones might have intended to seek relief against other, unspecified defendants, his 24-page appellate brief does not even attempt to show that an amended complaint including such defendants would have raised one or more viable claims. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Under these circumstances, we cannot conclude that the District Court abused its discretion in declining to grant Jones leave to amend. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) (reciting standard of review for a district court's denial of leave to amend).